RUBIN, J. (concurring).
The defendant kicked his five year old daughter in the chest and was charged with assault and battery by means of a dangerous weapon, to wit, his shod foot. He did not argue that his conduct, although wrongful, was justified under the theory of necessity or "competing harms." "In essence, the 'competing harms' defense exonerates one who commits a crime under the 'pressure of circumstances' if the harm that would have resulted from compliance with the law significantly exceeds the harm actually resulting from the defendant's violation of the law. At its root is an appreciation that there may be circumstances where the value protected by the law is, as a matter of public policy, eclipsed by a superseding value which makes it inappropriate and unjust to apply the usual criminal rule. See generally LaFave & Scott, Criminal Law § 50 (1972); Arnolds & Garland, The Defense of Necessity in Criminal Law: The Right to Choose the Lesser Evil, 65 J. Crim. L. & Criminology 289, 291-296 (1974)." Commonwealth v. Brugmann, 13 Mass. App. Ct. 373, 376-377, 433 N.E.2d 457 (1982). Rather, the defendant argued that he was entitled *466 to kick his child because of the parental discipline privilege, which is the "privilege to use *119 reasonable force in disciplining a minor child," under which " a parent or guardian may not be subjected to criminal liability for the use of force against a minor child under the care and supervision of the parent or guardian, provided that (1) the force used against the minor child is reasonable; (2) the force is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and (3) the force used neither causes, nor creates a substantial risk of causing, physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress." Commonwealth v. Dorvil, 472 Mass. 1, 8, 12, 32 N.E.3d 861 (2015). As the Supreme Judicial Court has explained, "[a]s with other affirmative defenses, where the parental privilege defense is properly before the trier of fact, the Commonwealth bears the burden of disproving at least one prong of the defense beyond a reasonable doubt." Id. at 13, 32 N.E.3d 861.
I join the court's opinion rejecting the defendant's claim on the ground that the Commonwealth has provided sufficient evidence to disprove beyond a reasonable doubt the second prong of that privilege as defined by the Supreme Judicial Court's decision in Dorvil, 472 Mass. at 12, 32 N.E.3d 861. With respect to the first prong, I agree with my brother Englander that "the CVS employee's testimony that the defendant 'lifted his foot' and 'kicked' his five year old daughter 'in the chest' is sufficient evidence" to support a finding by the judge beyond a reasonable doubt of the use of "unreasonable force," post at ----, 114 N.E.3d at ----. I therefore also conclude -- and note that the panel thus unanimously holds -- that the defendant's conviction of assault and battery by means of a dangerous weapon (shod foot) must also be affirmed, independently of the holding of the majority opinion with respect to Dorvil's second prong, on the ground that the Commonwealth met its burden of disproving under Dorvil's first prong that the "the force used against the minor child [was] reasonable." Id.
As to the third prong, although kicking a child might be necessary to avoid injury or death such that it might in some circumstance be justified under the necessity or competing harms defense, because kicking a child always "creates a substantial risk of ... physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress," Dorvil, supra at 12, 32 N.E.3d 861, I am of the view that prong three means that kicking *467 a child cannot be justified under the parental discipline privilege. Put another way, I conclude that the parental privilege does not include the right to discipline a child by kicking her.
This is consistent with the reasoning underlying the Supreme Judicial Court's recognition of the parental discipline privilege. That court noted that, because "substantial majorities of parents continue to say that spanking is sometimes necessary to discipline children, ... the long-standing and widespread acceptance of such punishment remains firmly woven into our nation's social fabric. It follows that we must guard against the imposition of criminal sanctions for the use of parenting techniques still widely regarded as permissible and warranted." Id. at 9, 32 N.E.3d 861.
While this accurately describes spanking, the practice of kicking one's child as a method of discipline is of course not firmly woven into our nation's social fabric, nor is it widely regarded as permissible and warranted. Indeed, our society abhors kicking even a dog, never mind a child.
Consistent with the physical risk involved in kicking a child, as well as society's understanding of its degrading nature, *120 several states that allow parents to utilize corporal punishment on their children for purposes of discipline nonetheless explicitly treat kicking a child as beyond, or presumptively beyond, the scope of the privilege. Under Delaware's law creating a parental discipline privilege, for example, "force shall not be justified if it includes, but is not limited to, any of the following: Throwing the child, kicking, burning, cutting, ... [or] striking with a closed fist" (emphasis supplied). Del. Code Ann. tit. 11, § 468(1) a (2018). That statute makes clear that this is because the listed acts, including kicking a child, are "likely to cause or do[ ] cause physical injury, disfigurement, mental distress, unnecessary degradation or substantial risk of serious physical injury or death." Del. Code Ann. tit. 11, § 468(1) c. These are essentially the factors articulated by our Supreme Judicial Court in Dorvil, 472 Mass. at 12, 32 N.E.3d 861, that render otherwise permissible conduct outside the privilege under prong three.
Because of these factors, and given the instruction in Dorvil that where there is doubt "the balance will tip in favor of the protection of children from abuse inflicted in the guise of discipline," id. at 15, 32 N.E.3d 861, which I take to mean that the law of the Commonwealth is to be as protective of the dignity of children and their right as human beings to be protected from violence as is consistent with allowing parents to discipline their children using *468 "parenting techniques still widely regarded as permissible and warranted," I conclude that, under the third prong of Dorvil, kicking a child may not be justified as a lawful way of disciplining her. Rather, such kicking can be justified on the basis that it is undertaken in order to further the welfare of the child only in circumstances where it is done as a matter of necessity under the "competing harms" defense.